# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GRAVES GARRETT, LLC, and** | ) | |
| **JOHN BENTON HURST,** | ) | |
| 1100 Main Street, Suite 2700 | ) | |
| Kansas City, Missouri 64105 | ) | |
| (816) 256-3181 | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | Civil Action No. 1:18-cv-01447 |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **HEALTH AND HUMAN SERVICES,** | ) | |
| 200 Independence Avenue, S.W. | ) | |
| Washington, D.C. 20201 | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief, seeking the disclosure and release of agency records.

2.     Plaintiffs Graves Garrett, LLC ("Graves Garrett") and John Benton Hurst ("Hurst") (collectively, "Plaintiffs") bring this action against Defendant Department of Health and Human Services ("HHS") to compel HHS to produce agency records that it has unlawfully refused to produce for more than six months.

## Parties

3.      Plaintiff Graves Garrett is a law firm located at 1100 Main Street, Suite 2700, Kansas City, MO 64105.

4.      Plaintiff Hurst is an attorney at Graves Garrett. He resides in Kansas City, Missouri.

5.      Defendant HHS is an agency of the United States Government as defined by 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of records to which Plaintiffs seek access. HHS is located at 200 Independence Avenue, S.W., Washington, D.C. 20201.

6.      Defendant HHS has various sub-agencies, including the National Institute of Environmental Health Sciences ("NIEHS"), the National Institutes of Health ("NIH"), and the Centers for Disease Control ("CDC").

## Jurisdiction and Venue

7.      The Court has subject matter jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

8.      The Court has personal jurisdiction over HHS under 5 U.S.C. § 552(a)(4)(B).

9.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(b).

<u>**Allegations Common to All Counts**</u>

10.     On November 20, 2017, Plaintiff Graves Garrett submitted 32 FOIA requests to HHS. It submitted 24 FOIA requests to HHS sub-agency NIEHS (the "NIEHS Requests"). It submitted eight FOIA requests to HHS (the "HHS Requests"). Plaintiff Hurst, an employee and agent of Graves Garrett, drafted and signed the NIEHS and HHS Requests.

11.     The NIEHS and HHS Requests sought agency records related to the Ramazzini Institute.

12.     The NIEHS and HHS Requests reasonably described the records sought by supplying terms to be run by search software.

**I.      HHS Fails to Make a Final Determination and Promptly Produce Records in Response to the NIEHS Requests**

13.     On November 20, 2017, Plaintiffs submitted the NIEHS Requests first by email to niehsfoia@niehs.nih.gov. On November 22, 2017, Plaintiffs submitted the requests again, at NIEHS's request, through the automated request form on the NIEHS website https://www.niehs.nih.gov/about/od/ocpl/foia/contact/index.cfm.

14.     On November 20, 2017, NIEHS received the NIEHS Requests.

15.     NIEHS assigned the NIEHS Requests tracking numbers NIH 47251, NIH 47252, NIH 47253, NIH 47254, NIH 47255, NIH 47256, NIH 47258, NIH 47259, NIH 47260, NIH 47261, NIH 47262, NIH 47263, NIH 47264, NIH 47265, NIH 47266, NIH

47267, NIH 47268, NIH 47269, NIH 47270, NIH 47271, NIH 47273, NIH 47274, NIH 47275, and NIH 47277.

16. The statutory deadline for NIEHS to issue a final determination in response to the NIEHS Requests was December 20, 2017. *See* 5 U.S.C. § 552(a)(6)(A).

17. At no time before the statutory deadline did NIEHS inform Plaintiffs of the scope of the documents that NIEHS intended to produce or withhold, its reasoning for withholding any documents, or any right to administratively appeal any adverse decision of NIEHS.

18. At no time prior to the statutory deadline did NIEHS seek additional information or clarification of the NIEHS Requests. *See* 5 U.S.C. § 552(a)(6)(A); 45 C.F.R. § 5.24.

19. At no time prior to the statutory deadline did NIEHS assert that "unusual circumstances" existed. *See* 5 U.S.C. § 552(a)(6)(B).

20. By letter dated December 22, 2017, Plaintiffs notified NIEHS that NIEHS had failed to provide a response to the NIEHS Requests within twenty business days.

21. In this letter, Plaintiffs asked NIEHS to provide an update on the processing of the NIEHS Requests. Plaintiffs specifically asked: (1) what steps NIEHS had taken to comply with the NIEHS Requests; (2) whether any initial searches had been performed; (3) how many documents had been located; (4) when NIEHS expected to make its first production; and (5) when NIEHS expected to complete all productions.

22.     On December 27, 2017, NIEHS FOIA Public Liaison Regina Stabile wrote Plaintiffs to state that there were 102 FOIA requests ahead of the NIEHS Requests in NIEHS's queue and cited "unusual circumstances" for the delay.

23.     December 27, 2017, was the first instance in which NIEHS claimed "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B).

24.     In her December 27, 2017, letter, Ms. Stabile did not describe: (1) what steps NIEHS had taken to comply with the requests; (2) whether any initial searches had been performed; (3) how many documents had been located; (4) when NIEHS expected to make its first production; and (5) when NIEHS expected to complete all productions.

25.     In her December 27, 2017 letter, Ms. Stabile stated that she would contact Plaintiff Hurst if NIEHS required additional clarification about the NIEHS Requests.

26.     On January 22, 2018, Graves Garrett attorney Garrett Hunkins spoke to Ms. Stabile via telephone. During this conversation, Ms. Stabile informed Mr. Hunkins that NIEHS was processing the NIEHS Requests but that there were 100 requests ahead of the NIEHS Requests in NIEHS's queue. Ms. Stabile stated that since her December 27, 2017 letter, NIEHS had only processed two requests. Ms. Stabile was unable to estimate when NIEHS would complete production in response to the NIEHS Requests. She reiterated that she would contact Plaintiffs if she required clarification on the NIEHS Requests.

27.     On March 28, 2018, Mr. Hunkins once again spoke with Ms. Stabile via telephone. During this call Ms. Stabile stated that NIEHS had only processed an additional four or five FOIA requests since their conversation in January. She did not seek clarification of any of the NIEHS Requests.

28.     On April 17, 2018, Plaintiffs sent a letter to NIEHS asking it to provide the earliest date that it could begin and the earliest date it could complete production in response to the NIEHS Requests.

29.     On April 27, 2018, Ms. Stabile wrote that NIEHS could "anticipate being able to assess anticipated processing time for your requests in the upcoming weeks." Ms. Stabile's email further stated that the "firm's 24 requests are 96th through the 119th requests in our queue."

30.     To date, Plaintiffs have not received an update regarding the anticipated processing time.

31.     In the six months since it received the NIEHS Requests, NIEHS has not produced any records to Plaintiffs.

32.     In the six months since it received the NIEHS Requests, NIEHS has not made any final determination concerning the NIEHS Requests. It has not informed Plaintiffs of the scope of the documents that it intends to produce or withhold; it has not informed Plaintiffs of its reasoning for withholding any documents; lastly, it has not informed Plaintiffs of any right to administratively appeal any adverse decision.

33.     In the six months since NIEHS received Plaintiffs' requests, it has processed only six of the 102 FOIA requests in the queue ahead of the NIEHS Requests. It currently processes less than one FOIA request per month.

34.     On information and belief, in the six months since it received the NIEHS Requests, NIEHS has not conducted preliminary or initial searches or assessments to estimate how many documents may be responsive to the NIEHS Requests. Further, NIEHS has provided inadequate guarantees that these materials are being preserved.

35.     Because NIEHS failed to produce the requested records or to finally determine whether to comply with the NIEHS Requests within twenty business days, Plaintiffs are deemed to have exhausted their administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

II.     **HHS Fails to Make a Final Determination and Promptly Produce Records, Fails to Adequately Search for Records, and Unlawfully Withholds Records in Response to the HHS Requests**

36.     On November 20, 2017, Plaintiffs submitted the HHS Requests to FOIARequest@hhs.gov.

37.     HHS received the HHS Requests on November 20, 2017.

38.     HHS assigned the HHS Requests tracking numbers 2018-00270-FOIA-OS, 2018-00271-FOIA-OS, 2018-00277-FOIA-OS, 2018-00279-FOIA-OS, 2018-00280-FOIA-OS, 2018-00282-FOIA-OS, 2018-00283-FOIA-OS, and 2018-00284-FOIA-OS.

**A.      HHS Fails to Meet the Statutory Deadline to Make a Final Determination and Fails to Promptly Produce Records in Response to HHS Requests 280 and 284**

39.      The statutory deadline for HHS to issue a final determination in response to the HHS Requests was December 20, 2017. *See* 5 U.S.C. § 552(a)(6)(A).

40.      On November 28 and 29, 2017, HHS FOIA Intake Team Lead Natasha Taylor wrote Plaintiffs to acknowledge that HHS received the HHS Requests on November 20, 2017.

41.      In her November 29, 2017 letters acknowledging receipt of HHS Requests 280 and 284, Ms. Taylor wrote that "we are closing our file" on HHS Requests 280 and 284, because "[w]ithin your request you did not provide the location of employment for" Roberta F. White and Mary S. Wolf and "[w]e searched our Global Address List (GAL) for" Roberta F. White and Mary S. Wolf but "did not locate any indication that" they are or were employed by HHS. These letters are attached as **Exhibit 1.**

42.      Ms. Taylor further wrote: "If you continue to have reason to believe that this agency retains records in which you are interested, we request that you provide additional information pertinent to the subject matter, organizational component, and physical location of the records you seek which would be of help in locating any responsive records. If so, you may submit this information with a new FOIA request and we will use this information to search for the records you seek." *Id*.

43. HHS's November 29, 2017, letters did not purport to toll the statutory deadline; instead, they purported to "close" HHS Requests 280 and 284 and required Plaintiffs to submit new requests with additional information. *See id.*

44. HHS's November 29, 2017, letters did not inform Plaintiffs of any right to administratively appeal any adverse decision of HHS to the head of the agency, nor did they indicate that any administrative avenue was available to Plaintiffs to challenge HHS's decision to "close" the HHS Requests. *See id.*

45. On December 15, 2017, Plaintiffs responded to each of HHS's November 29, 2017, letters, clarifying the HHS Requests. In two separate letters, Plaintiffs wrote: "[P]lease do not simply perform a search of any employment database you may have or email account" for Roberta F. White or Mary S. Wolf, but instead use those names "as a search term to be run across all records that HHS retains." These letters are attached as **Exhibit 2.**

46. Neither Ms. Taylor nor any other agent of HHS responded to Plaintiffs' December 15, 2017, letters.

47. When HHS did not respond to the December 15, 2017, letters, Plaintiffs sent another set of letters reiterating the clarification of the HHS Requests on January 5, 2018. These letters are attached as **Exhibit 3.**

48. Neither Ms. Taylor nor any other agent of HHS responded to Plaintiffs' January 5, 2018, letters.

49.     Following Ms. Taylor's November 29, 2017, letters, HHS did not contact Plaintiffs again before the statutory deadline expired.

50.     On January 16, 2018, Graves Garrett attorney Garrett Hunkins called HHS to inquire into the status of the HHS Requests. During this call, Mr. Hunkins was told that Natasha Taylor would no longer be handling the HHS Requests, and that Graves Garrett should contact Mr. Michael Bell, Deputy Director of the HHS Freedom of Information Act and Privacy Act Division and HHS FOIA Public Liaison, to determine the status of the HHS Requests. Mr. Hunkins received Mr. Bell's contact information and immediately left Mr. Bell a voicemail regarding the HHS Requests.

51.     On January 18, 2018, and again on February 9, 2018, Mr. Hunkins wrote Mr. Bell seeking assistance in the processing of the HHS Requests. These emails are attached as **Exhibit 4.**

52.     On February 12, Mr. Bell wrote that "[w]e have been shorthanded for several months as Ms. Taylor has been out of the office." He noted that Ms. Taylor may not have received Plaintiffs' earlier letters because she had been out. *See id.* Mr. Bell, Mr. Hunkins, and Plaintiff Hurst scheduled a conference call for Friday, February 23, 2018. *See id.*

53.     In an email on February 23, 2018, Mr. Bell wrote that Ms. Taylor had been out, that the HHS had closed HHS Requests 280 and 284, but that HHS had a new employee directory and that he had now located the employees Mary S. Wolfe and

Roberta White and could have the requests logged in again for searches to be conducted. *See id.*

54.     Plaintiff Hurst replied that Plaintiffs actually sought not a search of particular email accounts, but a search across all email accounts for particular search terms—including the names Mary S. Wolf and Roberta F. White. *See id.*

55.     Mr. Bell replied that HHS could not technically search the "to/from/cc/bcc" fields using a name. He offered that the agency could search the "to/from/cc/bcc" fields using an email address. *See id.* During the February 23, 2018, conference call, Mr. Bell confirmed that HHS would conduct the searches using the email addresses he had located. He stated that the search results would be available the week of February 26 and that HHS would produce records within three weeks thereafter.

56.     On April 27, 2018, Plaintiffs sent Mr. Bell a letter stating that HHS had failed to produce any records in response to HHS Requests 280 and 284. Plaintiffs requested that HHS produce the records by May 7, 2018, or provide the earliest date on which HHS could complete its production. This letter is attached as **Exhibit 5.** HHS did not produce any records, nor did it provide any update on its processing of HHS Requests 280 and 284.

57.     On May 22, 2018, Plaintiffs again sent Mr. Bell the April 27, 2018, letter and asked for an update on the status of HHS Requests 280 and 284. HHS did not provide an update on its processing of those HHS Requests.

58.     On May 29, 2018, Plaintiffs again asked Mr. Bell for an update on the processing of HHS Requests 280 and 284. HHS did not provide an update on its processing of those HHS Requests.

59.     On June 5, 2018, Plaintiffs again asked Mr. Bell for an update on the processing of HHS Requests 280 and 284. HHS did not provide an update on its processing of those HHS Requests.

60.     On June 7, 2018, Mr. Glenn Voelker of HHS wrote Plaintiffs to state that "Michael Bell informed me that he would send you the information" related to HHS Requests 280 and 284. Plaintiffs responded to both Mr. Voelker and Mr. Bell, but received an out-of-office reply from the latter.

61.     HHS has never informed Plaintiffs of any right to administratively appeal any adverse decision of HHS related to HHS Requests 280 and 284, nor has it ever indicated that any administrative avenue is available to Plaintiffs to challenge HHS's initial decision to "close" those HHS Requests.

62.     Since February 23, 2018, Mr. Bell has repeatedly failed to respond to Plaintiffs' inquiries regarding HHS Requests 280 and 284.

63.     Though Mr. Bell agreed to search for records responsive to HHS Requests 280 and 284 on February 23, 2018, HHS has never made any final determination concerning those HHS Requests. It has not informed Plaintiffs of the scope of the documents that it intends to produce or withhold; it has not informed Plaintiffs of its reasoning for withholding any documents; lastly, it has not informed Plaintiffs of any right to administratively appeal any adverse decision.

64.     In the six months since it received HHS Requests 280 and 284, HHS has not produced any records to Plaintiffs in response to those HHS Requests.

65.     Because HHS failed to produce the requested records or to finally determine whether to comply with the HHS Requests within twenty business days, Plaintiffs are deemed to have exhausted their administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

**B.      CDC Improperly Withholds Records in Response to HHS Request 271**

66.     On November 28, 2017, HHS forwarded HHS Request 271 to CDC for processing, where it was assigned CDC tracking number 18-00174-FOIA. This Complaint will refer to this request as "HHS Request 271" for clarity.

67.     On January 25, 2018, Mr. Roger Andoh, CDC/ATSDR FOIA Officer, wrote two letters to Plaintiffs. In the first, attached as **Exhibit 6**, Mr. Andoh wrote that CDC located 152 pages of records responsive to HHS Request 271. Mr. Andoh wrote that

CDC would produce nine pages but would refer 143 pages to NIH for a release determination.

68.     In the second letter, attached as **Exhibit 7**, Mr. Andoh stated that "NIH decided to refer the records back to our office because the correspondence and their attachments (draft manuscripts) originated from our agency. After a careful review of these pages, all information was withheld from release pursuant to 5 U.S.C. § 552(b)(5)."

69.     On April 20, 2018, Plaintiffs submitted an administrative appeal. That appeal is attached as **Exhibit 8.**

70.     In their April 20, 2018, appeal letter, Plaintiffs challenged HHS's decision to withhold the 143 pages in their entirety. *See id*.

71.     On information and belief, the documents withheld, or a reasonably segregable portion thereof, do not satisfy 5 U.S.C. § 552(b)(5) or any other exemption of the Freedom of Information Act.

72.     HHS received Plaintiffs' administrative appeal on May 1, 2018.

73.     The statutory deadline for HHS to respond to Plaintiffs' administrative appeal was May 31, 2018.

74.     HHS has not provided a decision in response to Plaintiffs' administrative appeal, nor has it informed Plaintiffs of any judicial remedies available to them.

75.     Because HHS failed to respond to Plaintiffs' administrative appeal of HHS's denial of access to records within twenty business days, Plaintiffs are deemed to have exhausted their administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C).

C.      **CDC Withholds Records in Response to HHS Requests 270 and 277 and Fails to Search for Responsive Text and Instant Messages**

76.     On November 28, 2017, HHS forwarded HHS Requests 270 and 277 to CDC for processing, where they were consolidated and assigned CDC tracking number 18-00173-FOIA and, later, tracking number 18-00267-FOIA. This Complaint will to refer to these requests as "HHS Request 270 and HHS Request 277" for clarity.

77.     On February 20, 2018, Mr. Andoh wrote Plaintiffs to state that CDC had located 453 pages of responsive documents. This letter is attached as **Exhibit 9**. The agency released 375 pages of records; it partially redacted 24 of those pages.

78.     Mr. Andoh's February 20, 2018, letter asserted that Exemption 6 supported the redaction of those records.

79.     On information and belief, the information withheld—or at least some reasonably segregable portion part of it—does not satisfy 5 U.S.C. § 552(b)(6) or any other exemption of the Freedom of Information Act.

80.     The HHS Requests expressly sought text and instant messages.

81.     CDC has not produced any text or instant messages, nor did the February 20, 2018, letter reference or explain the absence of text and instant messages from the production.

82.    On information and belief, CDC did not search for text and instant messages responsive to the HHS Requests.

83.    On May 1, 2018, Plaintiffs submitted an administrative appeal of CDC's decision to redact information from the records produced and of CDC's failure to search for text and instant messages. This letter is attached as **Exhibit 10**.

84.    HHS received Plaintiffs' administrative appeal on May 1, 2018.

85.    The statutory deadline for HHS to respond to Plaintiffs' administrative appeal was May 31, 2018.

86.    HHS has not responded to Plaintiffs' administrative appeal, nor has it informed Plaintiffs of any judicial remedies available to them.

87.    Because HHS failed to respond to Plaintiffs' administrative appeal of HHS's denial of access to records within twenty business days, Plaintiffs are deemed to have exhausted their administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C).

88.    Mr. Andoh's February 20, 2018, letter also stated that the agency forwarded 78 pages of responsive records to NIEHS for a release determination.

89.    NIEHS received the 78 pages of records, but has failed to issue a final determination with respect to those records. Ms. Stabile informed Mr. Hunkins that Plaintiffs could expect a response by the end of the summer.

90. Because NIEHS has failed to issue a final determination concerning the 78 pages of records within the statutory deadline, Plaintiffs are deemed to have exhausted their administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C).

**D. CDC Withholds Records in Response to HHS Requests 279 and 283, Fails to Search for Responsive Text and Instant Messages, and Fails to Conduct an Adequate Search**

91. On November 29, 2017, HHS forwarded HHS Requests 279 and 283 to CDC for processing, where they were consolidated and assigned CDC tracking number 18-00180-FOIA. This Complaint will to refer to these requests as "HHS Request 279 and HHS Request 283" for clarity.

92. On February 20, 2018, Mr. Andoh wrote Plaintiffs to state that CDC had located 656 pages of responsive documents. This letter is attached as **Exhibit 11**. The agency produced 656 pages or responsive records but redacted nine pages in part.

93. Mr. Andoh's letter claimed that Exemption 6 supported the withholding of records.

94. On information and belief, the information withheld—or at least some reasonably segregable portion part of it—does not satisfy 5 U.S.C. § 552(b)(6) or any other exemption of the Freedom of Information Act.

95. The HHS Requests expressly sought text and instant messages.

96.     CDC has not produced any text or instant messages, nor did the February 20, 2018, letter reference or explain the absence of text and instant messages from the production.

97.     On information and belief, CDC did not search for text and instant messages responsive to the HHS Requests.

98.     Specifically concerning HHS Request 283, Mr. Andoh's February 20, 2018, letter stated that "[a]n electronic search of our records using the key words in your request description failed to reveal any documents pertaining to Richard Niemeier."

99.     On information and belief, HHS retains non-exempt records responsive to HHS Request 283 that it did not produce.

100.    On May 1, 2018, Plaintiffs submitted an administrative appeal. This letter is attached as **Exhibit 10**.

101.    HHS received Plaintiffs' administrative appeal on May 1, 2018.

102.    The statutory deadline for HHS to respond to Plaintiffs' administrative appeal was May 31, 2018.

103.    HHS has not responded to Plaintiffs' administrative appeal, nor has it informed Plaintiffs of any judicial remedies available to them.

104.    Because HHS failed to respond to Plaintiffs' administrative appeal of HHS's denial of access to records within twenty business days, Plaintiffs are deemed to have exhausted their administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C).

**E. CDC Withholds Records in Response to HHS Request 282 and Fails to Search for Responsive Text and Instant Messages**

105. On November 29, 2017, HHS forwarded HHS Request 282 to CDC for processing, where it was assigned CDC tracking number 18-00179-FOIA. This Complaint will to refer to this request as "HHS Request 282" for clarity.

106. On February 2, 2018, Mr. Andoh wrote Plaintiffs to state that CDC had located 69 pages of responsive documents. This letter is attached as **Exhibit 12**. The agency produced 69 pages or responsive records but redacted 13 pages in part.

107. Mr. Andoh's letter claimed that Exemption 6 supported the withholding of records.

108. On information and belief, the information withheld—or at least some reasonably segregable portion part of it—does not satisfy 5 U.S.C. § 552(b)(6) or any other exemption of the Freedom of Information Act.

109. The HHS Requests expressly sought text and instant messages.

110. CDC has not produced any text or instant messages, nor did the February 20, 2018 letter reference or explain the absence of text and instant messages from the production.

111. On information and belief, CDC did not search for text and instant messages responsive to the HHS Requests.

112.    On May 1, 2018, Plaintiffs submitted an administrative appeal of CDC's decision to redact information from the records produced and its failure to search for text and instant messages. This letter is attached as **Exhibit 10**.

113.    HHS received Plaintiffs' administrative appeal on May 1, 2018.

114.    The statutory deadline for HHS to respond to Plaintiffs' administrative appeal was May 31, 2018.

115.    HHS has not responded to Plaintiffs' administrative appeal, nor has it informed Plaintiffs of any judicial remedies available to them.

116.    Because HHS failed to respond to Plaintiffs' administrative appeal of HHS's denial of access to records within twenty business days, Plaintiffs are deemed to have exhausted their administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C).

## <u>Count I</u>
**Failure to Issue a Final Determination and Promptly Produce Records**
**(5 U.S.C. § 552(a)(3)(A), (a)(6)(A))**

117.    Plaintiffs incorporate by reference the allegations in all paragraphs of this Complaint as though fully set forth in this paragraph.

118.    Plaintiffs have a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), (a)(6)(A), to a final determination within twenty business days concerning the NIEHS and HHS Requests and prompt access to the records thereafter.

119.    More than twenty business days have passed since HHS received the NIEHS and HHS Requests, and HHS has neither made a final determination nor

produced any records in response to any of the NIEHS Requests, HHS Requests 280 and 284, or 78 pages responsive to HHS Requests 270 and 277.

120.    HHS's failure to promptly produce records or make a final determination in response to the NIEHS and HHS Requests violates FOIA, specifically 5 U.S.C. § 552(a)(3)(A) and 5 U.S.C. § 552(a)(6)(A).

121.    Plaintiffs are being irreparably harmed by HHS's failure to promptly produce records in violation of FOIA, and Plaintiffs will continue to be irreparably harmed unless HHS is compelled to comply with FOIA.

122.    Plaintiffs are entitled to injunctive relief compelling HHS to produce all records in its possession responsive to the HHS and NIEHS Requests, without fees, subject only to legitimate withholdings.

123.    Because of HHS's failure to issue a determination within twenty business days and failure to promptly produce the records requested, Plaintiffs have incurred and will continue to incur substantial attorneys' fees and costs.

124.    Plaintiffs are statutorily entitled to recover fees and costs incurred as a result of HHS's failure to complete the HHS and NIEHS Requests at issue in this case.

125.    Plaintiffs ask the Court to order HHS to pay reasonable attorney fees and other litigation costs incurred in this case.

**Count II**
**Failure to Conduct an Adequate Search for Responsive Records**
**(5 U.S.C. § 552(a)(4)(B))**

126.    Plaintiffs incorporate by reference the allegations in all paragraphs of this Complaint as though fully set forth in this paragraph.

127.    Plaintiffs are entitled to a search reasonably calculated to uncover all relevant documents. An inadequate search for records constitutes an improper withholding under FOIA.

128.    All NIEHS and HHS Requests sought text an instant messages responsive to certain search terms.

129.    Though HHS has produced records in response to HHS Requests 270, 271, 277, 279, and 282, it has not produced any text or instant messages.

130.    On information and belief, HHS retains text and instant messages responsive to the NIEHS and HHS Requests but has not searched for text or instant messages responsive to any NIEHS or HHS Requests.

131.    HHS also failed to produce any records in response to HHS Request 283.

132.    On information and belief, HHS retains records responsive to HHS Request 283 and its search was not reasonably calculated to uncover them.

133.    HHS's failure to conduct adequate searches violates FOIA as an unlawful withholding under 5 U.S.C. § 552(a)(4)(B).

134.     Plaintiffs are being irreparably harmed by HHS's failure to adequately search for and produce records in violation of FOIA, and Plaintiffs will continue to be irreparably harmed unless HHS is compelled to comply with FOIA.

135.     Plaintiffs are entitled to injunctive relief compelling HHS to conduct adequate searches and produce all records in its possession responsive to the HHS and NIEHS Requests, without fees, subject only to legitimate withholdings.

136.     Because of HHS's failure to conduct adequate searches and produce all records in its possession responsive to the HHS and NIEHS Requests, Plaintiffs have incurred and will continue to incur substantial attorneys' fees and costs.

137.     Plaintiffs are statutorily entitled to recover fees and costs incurred as a result of HHS's failure to complete the HHS and NIEHS Requests at issue in this case.

138.     Plaintiffs ask the Court to order Defendant to pay reasonable attorney fees and other litigation costs incurred in this case.

**Count III**
**Improperly Claimed Exemptions**
**(5 U.S.C. § 552(a)(4)(B))**

139.     Plaintiffs incorporate by reference the allegations in all paragraphs of this Complaint as though fully set forth in this paragraph.

140.     HHS has withheld information from all of its productions under a claimed FOIA exemption.

141.    From its production in response to HHS Request 271, HHS withheld 143 pages in their entirety under 5 U.S.C. § 552(b)(5).

142.    From its productions in response to HHS Requests 270, 277, 279, 282, and 283, HHS redacted information from 47 pages under 5 U.S.C. § 552(b)(6).

143.    On information and belief, some or all of the information withheld does not qualify for the exemption claimed.

144.    On information and belief, HHS has withheld improperly withheld information in violation of 5 U.S.C. § 552(a)(4)(B).

145.    Plaintiffs are being irreparably harmed by HHS's improper withholding of records in violation of FOIA, and Plaintiffs will continue to be irreparably harmed unless HHS is compelled to comply with FOIA.

146.    Plaintiffs are entitled to injunctive relief compelling HHS to produce all records in its possession responsive to the HHS and NIEHS Requests, without fees, subject only to legitimate withholdings.

147.    Because of HHS's improper withholdings, Plaintiffs have incurred and will continue to incur substantial, yet reasonable attorneys' fees and costs.

148.    Plaintiffs are statutorily entitled to recover fees and costs incurred as a result of HHS's failure to lawfully complete the HHS and NIEHS Requests at issue in this case.

149.    Plaintiffs ask the Court to order Defendant to pay reasonable attorney fees and other litigation costs incurred in this case.

**Count IV**
**Costs and Fees**
**(5 U.S.C. § 552(a)(4)(E))**

150.    Plaintiffs incorporate by reference the allegations in all paragraphs of this Complaint as though fully set forth in this paragraph.

151.    Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorneys' fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

152.    HHS's failure to produce records violates FOIA, specifically 5 U.S.C. § 552(a)(3)(A), 5 U.S.C. § 552(a)(6)(A), and 5 U.S.C. § 552(a)(4)(B).

153.    Because of HHS's failure to comply with FOIA, Plaintiffs have incurred and will continue to incur substantial attorneys' fees and costs.

154.    Plaintiffs are statutorily entitled to recover fees and costs incurred as a result of HHS's failure to complete the HHS and NIEHS Requests at issue in this case.

155.    Plaintiffs ask the Court to order Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

**Prayer for Relief**

WHEREFORE, Plaintiffs respectfully request the Court enter judgment against Defendant HHS and in favor of Plaintiffs and enjoin HHS to:

a. Declare that HHS deprived Plaintiffs of their statutory rights of access to public records under FOIA, 5 U.S.C. § 552(a)(3)(A);

b. Declare that documents specifically described in the NIEHS and HHS Requests are subject to release under FOIA;

c. Enjoin HHS to conduct a search for any and all records responsive to the HHS and NIEHS Requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the HHS and NIEHS Requests;

d. Enjoin HHS to produce, by a date certain, a report that sets forth a schedule for providing the responsive documents to Plaintiffs that they requested in the HHS and NIEHS Requests, subject only to legitimate withholdings;

e. Enjoin HHS to produce, by a date certain, any and all non-exempt records responsive to the HHS and NIEHS Requests and a *Vaughn* index of any responsive records withheld under claim of exemption;

f. Enjoin HHS to consult with Plaintiffs regarding withheld documents and file a status report to the Court within thirty days after Plaintiffs receive

the last of the produced documents, addressing HHS's preparation of a *Vaughn* index and a briefing schedule for resolution of remaining issues associated with Plaintiffs' challenges to HHS's withholdings and any other remaining issues; and

g.   Enjoin HHS from assessing or seeking costs and fees for responding to the NIEHS and HHS Requests;

h.   Grant Plaintiffs an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and,

i.   Grant such other relief as the Court may deem just and proper.

Dated: Tuesday, June 19, 2018                    Respectfully Submitted,


                                                 **GRAVES GARRETT, LLC**

                                                 /s/ J. Benton Hurst
                                                 Edward D. Greim (*admission pending*)
                                                 J. Benton Hurst
                                                 1100 Main Street, Suite 2700
                                                 Kansas City, Missouri 64105
                                                 Tel: (816) 256-3181
                                                 Fax: (816) 256-5958
                                                 edgreim@gravesgarrett.com
                                                 bhurst@gravesgarrett.com

                                                 ***Attorneys for Plaintiffs***